## PEOPLE *v.* McKENNA.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

**1. RECEIVING STOLEN GOODS.**
On an indictment for receiving stolen goods, there was evidence of statements by defendant, when trying to get the goods from the place in which they were after being stolen, that he had put them there; that a man had been arrested for stealing them; and that he desired to get them, so that nothing could be done to that person. *Held,* that this would sustain a conviction for receiving them, knowing them to have been stolen.

**2. CRIMINAL LAW—APPEAL—ASSIGNMENT OF ERRORS.**
No question as to any specific error in a charge to the jury is presented by a mere general exception to the charge, and to every portion thereof.

Appeal from court of general sessions, New York county.

Indictment against Charles McKenna, charging, in separate counts, burglary, larceny, and receiving stolen goods. On the trial, the first two counts were abandoned, and on the count for receiving stolen goods defendant was found guilty. From the judgment of conviction entered thereon, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Purdy & McLaughlin,* for appellant. *John R. Fellows,* Dist. Atty., (*McKenzie Semple,* of counsel,) for respondents.

VAN BRUNT, P. J. The appeal in this case seems to be principally based upon two grounds: *First.* That there is no evidence in this case that the defendant ever had in his possession or under his control the alleged stolen goods. But it is conceded that he was trying to get possession of them, and that he stated the reason why he desired to get possession of them, which showed that he knew that the goods had been stolen. The defendant's own statement,

testified to by one of the witnesses, showed that he had been in possession of the goods, because he stated that he had put them in there. It is claimed upon the part of the defendant that this evidence tended to show that the defendant had been guilty of burglary or larceny of which this property was the subject, and not that he had received the goods knowing them to be stolen. The difficulty with this position is that the jury had a right to take into consideration the statement of the defendant that he knew that a man had been arrested for stealing the goods in question, and that he went there for the purpose of getting them, he having been informed that if he got the goods there could not be anything done to the person who had stolen them. *Second.* It is urged that the court committed an error in .refusing to charge as requested by the district attorney that the evidence might show an attempt to commit the crime of receiving stolen goods, which the court declined, and that an exception was taken by the defendant. An examination of the record fails to disclose any such exception. The only exception found in connection with this request is a general exception to the judge's charge, and to each portion thereof, and particularly where he said it was a very simple case, and one that ought not to take an intelligent jury long to determine.. It is perfectly well settled that such a general exception raises no question, as the attention of the court was not called to any specific error. And even if the refusal was error, which we do not by any means intend to decide, no proper exception has been taken to review the ruling. The conviction should be affirmed. All concur.